## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Gregory T. Numann | ) | CASE NO:  4:21CV1686 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Warden Timetaga Pullen | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Gregory T. Numann is a federal inmate currently incarcerated at FCI Elkton ("Elkton"). He has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1). For the reasons that follow, the Petition is denied and this action is dismissed.

### I. Background

Petitioner appears to allege in four grounds for relief that Respondent Warden has failed to provide him adequate protection from COVID-19 and has been deliberately indifferent to his medical needs in violation of the Eighth Amendment.

Petitioner alleges that prison officials at Elkton were deliberately indifferent to his health and safety during the COVID-19 pandemic, and he sites to "a litany of examples" in the previously decided *Wilson v. Williams*, No. 4:20-cv-00794, 455 F. Supp. 3d 467, 2020 U.S. Dist. LEXIS 70674, 2020 WL 1940882, at *6 (N.D. Ohio Apr. 22, 2020), vacated by, 961 F.3d 829 (6th Cir. 2020), and "congressional testimony" from May 2020. He claims, for example, that Elkton's mitigation efforts were "half-hearted," stating that

masks were not permitted until April 2020, not mandated until May 2020, and "not realistically enforced" until July 2020. (Doc. No. 1-1 at 3-4).

Petitioner also alleges that the "resurgence" of the virus is creating a "potential for repeat exposure" and he is fearful of reinfection. In support, he states that the prison is failing to provide "basic protections" against the new COVID-19 variants and he questions "the efficacy" of the COVID-19 vaccine. (*Id.* at 1).

Finally, Petitioner appears to allege that he may not receive adequate medical care "when another wave [of COVID-19] swoops through Elkton." He states that he previously tested positive for COVID-19 and he is medically compromised, yet he has been told that he may have to wait up to one year for further medical evaluation. (*Id.* at 2).

In his request for relief, Petitioner asks the Court to appoint counsel to assist him in filing a motion to reduce his criminal sentence.

## II. Standard of Review

Promptly after the filing of a *habeas corpus* petition, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" *habeas corpus* petitions that lack merit on their face). No response is necessary when a petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a

response. *Id.* The principle of liberal construction generally afforded *pro se* pleadings applies to habeas petitions. *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

### III. Law and Analysis

To the extent Petitioner is attempting to revisit COVID-19 claims previously addressed in *Wilson*, those claims fail.

Prison conditions are subject to constitutional scrutiny under the Eighth Amendment, but to make out a claim, a prisoner must demonstrate both objective and subjective components. *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020). Petitioner must show that he was subjected to an objectively serious prison condition as to which a Defendant prison official acted with subjective "deliberate indifference." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). The subjective component of a claim requires a prisoner to show that a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. An official may not be held liable if he responded reasonably to a known risk, even if the harm ultimately was not averted. *Id.* at 826.

In *Wilson*, the Sixth Circuit examined the conditions at Elkton in the context of a Section 2241 action and concluded that a class of medically vulnerable inmates was not likely to succeed on the merits of an Eighth Amendment claim based on COVID-19 circumstances. *Wilson*, 961 F.3d at 844. The Sixth Circuit held that the Bureau of Prisons ("BOP") "responded reasonably to the known, serious risks posed by COVID-19 to petitioners at Elkton," and therefore, the inmates could not demonstrate the required deliberate indifference to meet the subjective element of their claim. *Id.* at 840.

The Court found that the BOP's "failure to make robust use of transfer, home confinement, or furlough"—as Petitioner seeks here—for prisoners at Elkton, including medically vulnerable inmates, did not constitute deliberate indifference within the meaning of the Eighth Amendment "in light of the BOP's other measures to prevent the spread of COVID-19, and given the limitations on the BOP's authority to release inmates." *Id.* at 844. The Court also found that the district court abused its discretion in granting a preliminary injunction without addressing the BOP's "legitimate concerns about public safety" regarding whether inmates could care for themselves upon release, and whether they presented a substantial risk to the general public without assurance they could do so. *Id.* at 845.

In light of the Sixth Circuit's decision in *Wilson*, this Petition, insofar as it asserts the same COVID-19 claim on similar allegations, lacks merit on its face. Because the Sixth Circuit has already considered an essential part of Petitioner's claim in a case against the same Respondent named here—based on the same facts alleged in this Petition—and published an opinion holding that Respondent would likely prevail, this Petition does not allege a colorable claim of deliberate indifference under the Eighth Amendment.

To the extent Petitioner claims Respondent has failed to provide adequate medical care, or that prison conditions remain unsanitary or unsafe for him due to the "current resurgence" of COVID-19, these claims must also be dismissed. Generally, *habeas corpus* is available to prisoners seeking relief from unlawful imprisonment or custody. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Federal prisoners may use 28 U.S.C. § 2241 to attack the manner in which their sentence is being executed, such as the

4

computation of sentence credits or parole eligibility. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Section 2241 is not available, however, to review questions unrelated to the cause of detention. *Martin*, 391 F.3d at 714. Prisoners challenging the conditions of their confinement must do so through a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). Virtually every aspect of a prisoner's daily life that does not affect the duration of his confinement is considered a "condition of confinement."  And an Eighth Amendment claim regarding the constitutional sufficiency of medical care is the type of conditions-of-confinement claim the Sixth Circuit has found to be noncognizable on habeas corpus review. *Martin*, 391 F.3d at 714 (finding that "no grounds for habeas relief were established" where a prisoner alleged that his constitutional rights were violated as a result of delay and denial of medical treatment).

Although the Sixth Circuit in *Wilson* permitted COVID-19 cases to proceed under Section 2241, the relief was specific to COVID-19 claims in light of the global pandemic at its outbreak. The petitioners in that case argued that the very nature of COVID-19 was such that there were "no mitigation efforts that Elkton could undertake that would prevent the risk of contraction—and possible later spread to the non-prison community—to any acceptable degree, other than immediate release of the Medically-Vulnerable Subclass." *Wilson*, 961 F.3d at 837-38. The court reasoned that where a petitioner's claims are such that no set of conditions would be constitutionally sufficient, the claim should be construed as challenging the fact or extent, rather than the conditions of the confinement. *Id.*; *see Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011); *cf. Terrell*

*v. United States*, 564 F.3d 442, 446-48 (6th Cir. 2009). Petitioner's claim that he is being denied access to adequate medical care does not fall into this category as it can be corrected. Likewise, Petitioner's claim of unsanitary or unsafe conditions due to the purported resurgence of the virus, including allegations that "most [COVID-19] mitigation measures have been implemented … half-heartedly," can also be remedied. Indeed, Petitioner acknowledges that mitigation efforts are being implemented and COVID-19 vaccines are now available. Consequently, Petitioner cannot raise these claims in a *habeas* action. *See Mescall v. Hemingway*, 6th Cir. No. 20-1857, 2021 U.S. App. LEXIS 10072, at *4 (Apr. 7, 2021) (citing *Wilson*, 961 F.3d at 838) (finding that where petitioner did not allege there is "no set of conditions" that would remedy the risks associated with COVID-19, petitioner's claim of lack of COVID-19 testing for inmates and staff is not cognizable under § 2241). Rather, Petitioner's claims concerning purportedly unsafe or unsanitary prison conditions and lack of medical care must be raised in a civil rights action.

Finally, in his request for relief, Petitioner asks the Court to appoint counsel to assist him in filing a motion in his criminal matter for a reduction in his sentence. Appointment of counsel is not an appropriate remedy under Section 2241. To the extent Petitioner desires the appointment of counsel to assist in reducing his sentence in his criminal case, Petitioner must file the appropriate motion in that case.

### IV. Conclusion

For the foregoing reasons, the Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed pursuant to 28 U.S.C. § 2243 and

Rule 4 of the Rules Governing Habeas Corpus Cases.  Petitioner's motion for the appointment of counsel (Doc. No. 2) is denied.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

December 3 , 2021                               __/s/ John R. Adams_____
                                                JUDGE JOHN R. ADAMS
                                                UNITED STATES DISTRICT COURT